**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180042-U

Order filed November 12, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0042 Circuit No. 17-CF-217 |
| CHASE W. LANDERS, | ) ) ) | Honorable Albert L. Purham Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the judgment of the court.
Justices McDade and Wright concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   Defendant was not prejudiced by trial counsel's failure to object to the responding officer's testimony that defendant committed domestic battery against the victim.

¶ 2     Defendant, Chase W. Landers, appeals his conviction for domestic battery. Defendant argues he received ineffective assistance of counsel when his trial counsel failed to object to the responding officer's testimony that defendant committed domestic battery. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The State charged defendant with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2016)) and domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2016)). The cause proceeded to a jury trial.

¶ 5    During a jury trial, Brooke Eaton, the mother of defendant's two children, testified that she and defendant lived together on the night in question. During the early morning hours, Eaton asked defendant to stop playing his guitar at full volume. Defendant refused to do so, and he and Eaton began to argue. The argument became physical when Eaton struck defendant on the head with his guitar. Both individuals shoved each other repeatedly. After the final shove, Eaton backhand slapped defendant. Defendant retaliated by grabbing Eaton by the throat, shoving her against the wall, and squeezing hard. Eaton dropped to the floor in an effort to escape defendant's grasp. Defendant knelt, maintained his grip on Eaton's throat, and continued to strangle her. Eventually, defendant stopped choking Eaton to strike her in the head multiple times with his knee. Defendant then continued to strangle Eaton while she lay on the floor, putting all of his weight on her and squeezing her neck until she lost consciousness. After defendant left the room, Eaton regained consciousness and ran out of the house.

¶ 6    Eaton fled to a nearby fast food restaurant, banged on the drive-through window, and asked an employee to call the police. Bartonville Police Officer Matthew Schumm arrived, spoke to Eaton, and photographed her injuries.

¶ 7    Schumm testified that he observed bruising, swelling, and blood on and around Eaton's mouth and eyes, as well as bruising on her neck, and a scrape down her back. Schumm photographed Eaton's injuries and the photographs were published for the jury. When asked what conclusion he reached based on his investigation, Schumm answered, "Domestic battery

2

had occurred against \*\*\* Eaton, committed by [defendant]." Schumm also testified that Eaton's injuries were similar to instances where the victim was choked, not slip-and-fall incidents.

¶ 8 Melissa Stokes, the paramedic who arrived on the scene and spoke with Eaton, testified that Eaton's injuries included two swollen eyes and cuts and bruises all over her face and body. Stokes also observed fingerprints on Eaton's neck, red marks on her face, tiny red dots on her face and neck, bruises and cuts around her eyes, blood in her nose and mouth, bruises on her chest and arms, and bumps on her head. Stokes explained the tiny red dots on Eaton's face and neck indicated broken capillaries under the skin. According to Stokes, the dots could have been caused by extreme pressure or strangulation.

¶ 9 The jury found defendant guilty of domestic battery and not guilty of aggravated domestic battery. The court sentenced defendant to 18 months of probation, and 90 days in jail. Defendant appeals.

¶ 10 II. ANALYSIS

¶ 11 Defendant argues he received ineffective assistance of counsel when his trial counsel failed to object to Schumm's testimony that he concluded defendant committed domestic battery. We disagree. Defendant's ineffective assistance of counsel argument fails because Schumm's testimony did not prejudice defendant.

¶ 12 We analyze ineffective assistance of counsel claims under the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Coleman*, 183 Ill. 2d 366, 397 (1998). To prevail on an ineffective assistance of counsel claim, defendant must show that (1) his "counsel's performance was deficient in that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment,' " and (2) but for "defense counsel's deficient performance, the result of the

3

proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 687). "The failure to satisfy either prong *** precludes a finding of ineffective assistance of counsel." *People v. Patterson*, 217 Ill. 2d 407, 438 (2005). "Courts, however, may resolve ineffectiveness claims *** by reaching only the prejudice component, for lack of prejudice renders irrelevant the issue of counsel's performance." *Coleman*, 183 Ill. 2d at 397-98.

¶ 13  Defendant argues his trial counsel provided ineffective assistance by failing to object when Schumm testified that defendant committed domestic battery against Eaton. We need not determine whether counsel's performance was deficient, as defendant has failed to show that trial counsel's performance prejudiced him. Based on our review of the record, the trial's outcome would not have been different absent the testimony in question. Eaton's testimony indicates that, on the night in question, she and defendant had an argument that escalated to physical violence, including multiple instances where defendant choked her. Defendant does not deny choking Eaton. Both Schumm and Stokes testified that they observed extensive injuries on Eaton's face, neck, chest, and back. Schumm's and Stokes's respective descriptions of those injuries were consistent with Eaton's account of the altercation. The weight of this evidence, combined with the fact that defendant neither denied nor provided an alternative explanation for Eaton's injuries, strongly indicates the jury would not have reached a different conclusion had trial counsel objected to Schumm's conclusory testimony. Defendant has failed to satisfy the burden necessary to prevail on his ineffective assistance of counsel claim, as he cannot show that counsel's actions prejudiced him. Therefore, we conclude our analysis without reaching the *Strickland* test's deficient performance prong.

¶ 14  III. CONCLUSION

¶ 15  The judgment of the circuit court of Peoria County is affirmed.

4

¶ 16        Affirmed.